## Clark & Bosquit, Partners, v. Edward Laumann.

1. PARTNERSHIP—*Partner's Authority to Settle Suits After Dissolution, etc.*—A partner's authority to collect and receipt for accounts due the firm, either before or after the dissolution of the partnership, does not validate a release obtained from him for a nominal consideration, while he is in a state of intoxication brought about by the debtor of the firm for the purpose of enabling such debtor to accomplish a fraudulent design.

2. PARTNERSHIP.—*Power of Partner to Accept Payment and Release Debts.*—As one partner can accept payment of a debt due to the firm, so he can effectually release and give a valid receipt for such debt. It is, however, to be remembered, that although one partner has implied authority to collect debts owing to the firm, still a receipt is not conclusive evidence of payment; so that if one partner gives a receipt in fraud of his co-partners, it will not preclude the firm from recovering the money.

3. RELEASE—*Given by Partner in Fraud of the Firm.*—A release given by one partner will not bind the firm if the releasing partner acts in fraud of his co-partner, or in collusion with the debtor.

4. RELEASE—*Executed by a Partner in Fraud of his Co-partner's Rights.*—If it can be shown that one partner has, in fraud of his co-partner and in collusion with the debtor, executed a release for the purpose of preventing them from enforcing a just demand, the debtor will not be allowed to plead such release as a defense to an action against him.

5. AMENDMENTS—*Power of the Court to Impose Terms.*—A court may impose terms, or require an amendment to be made immediately, or refuse to permit an amendment to be made at all, where the party asking leave is trifling with the court, or seeking to delay proceedings unreasonably.

6. AMENDMENTS—*Discretion in Allowing not to be Abused.*—Where a good pleading is amended in the manner suggested by the court, and the court is constrained by a modification of his views to sustain a demurrer to it as amended, leave should be granted, if asked, to refile the original pleading, or to amend it. A refusal to permit this to be done is error.

**Memorandum.**—Assumpsit. Error to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

WM. P. LAUNTZ, attorney for plaintiffs in error.

COCKRELL & MOYERS, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This suit was brought by the plaintiffs to recover for work done and materials furnished by them, as partners, in the erection of a certain two-story brick building for the defendant. During the progress of the suit, the defendant filed a plea, alleging that after the commencement of the suit, the plaintiffs, for the consideration of $75, had released the defendant from all claims of every kind and had directed the dismissal of all suits brought by the plaintiffs against the defendant, then pending in the City Court of East St. Louis or in any other court.

The second amended replication to this plea, alleges that the release, which, by the way, was not under seal, was obtained by fraud and circumvention; that some months before the same was signed, Clark and Bosquit, the plaintiffs, had dissolved partnership, and that the defendant knew this fact when he procured the signing of the supposed release; that a few days prior to the signing of this instrument, the defendant offered the plaintiffs $400 in discharge of the demands referred to in said plea, which sum the plaintiffs, who then and there demanded more money, refused to receive; that at the same time the plaintiffs informed the defendant that the balance of the moneys demanded in the declaration in this suit was due the plaintiff Bosquit, on settlement which had been made between the partners, and that the plaintiff Clark had no further interest in the same, and was not authorized in any manner to settle for the same; that afterward the defendant endeavored by threats and offers, which are set forth in the replication, to obtain said release from said Clark, but did not succeed in doing so; that thereupon the defendant, who was a saloon-keeper, caused said Clark to become intoxicated for the purpose of obtaining said release, and procured the signing of the same by threats, persuasion and the use of intoxicating liquors; that said Clark thereupon departed from this State and has not re-

Clark & Bosquit v. Laumann.

turned, and that all of this was accomplished without the knowledge or consent of the plaintiff Bosquit. It is not directly averred, but probably appears inferentially from this replication, that said Clark received $75 from the defendant as a supposed consideration for the signing of the release.

Why is not this replication a sufficient answer to the plea of release? Does a partner's authority to collect and receipt for accounts due the firm, either before or after the dissolution of the partnership, validate a release obtained from him for a nominal consideration while he is in a state of intoxication brought about by the debtor of the firm for the very purpose of enabling such debtor to accomplish his fraudulent design? We think not. To answer this question affirmatively, would be to throw the protecting mantle of the law over the grossest of frauds.

In 1 Lindley on Partnership, 2d American Edition, marginal page 135, it is said: " As one partner can accept payment of a debt due to the firm, so he can effectually release and give a valid receipt for such debt. It is, however, to be remembered, that although one partner has implied authority to get in debts owing to the firm, still a receipt is not conclusive evidence of payment; so that if one partner gives a receipt in fraud of his co-partners it will not preclude the firm from recovering the money. Nor will a release given by one partner bind the firm, if the releasing partner acts in fraud of his co-partners and in collusion with the debtor."

In the same work, marginal pages 145 and 146, it is said : " If it can be shown that one partner has, in fraud of his co-partners and in collusion with the defendant, executed a release for the purpose of preventing them from enforcing a just demand, the defendant will not be allowed to plead this release as a defense to an action against him. Thus, in Barker v. Richardson, the plaintiffs, Barker and Owen, had been partners, but they had dissolved partnership; and it was agreed that Barker should get in the debts owing to the firm, and if necessary sue for the same. The defendant was indebted to the firm and had notice of the above agreement. He was also a creditor of Owen on a private

account, and Owen, against Barker's consent, gave a receipt for the partnership debt, and, after the commencement of the action by Barker for the recovery of that debt, gave the defendant a formal release. The evidence showed that the release was given to defeat the action, to prevent Barker from recovering the debt due the firm, and as part of a scheme for discharging Owen's private debt to the defendant. Under these circumstances the release was not allowed to be pleaded."

In South Fork Canal Co. v. Gordon, 6 Wall. 561, the canal company owed certain partners over $76,000 for work and materials on an aqueduct; and over $16,000 for preliminary work on the same. The company secretly obtained from one of the partners a release of all of the partnership claims for $2,000 in cash and $3,000 more in the company's stock at par. It was held that the release was void, being a gross fraud on its face.

We deem it unnecessary to refer to other authorities bearing upon the same question. If a release obtained under the circumstances stated in the foregoing authorities is void, certainly a release obtained by making one of the partners drunk for the purpose of defrauding the partnership can not be availed of as a defense to an action for the amount due the firm. The second amended replication is a sufficient answer to the plea of release in this case. It appears from the record, however, that a demurrer was sustained to the second amended replication, and that the judge sustaining the demurrer stated at the time how the replication might be amended so as to present a good answer to the plea. Thereupon the plaintiffs filed the third amended replication in conformity with the views of the court, alleging therein, among other things, an agreement by the defendant to pay all the moneys referred to in the release to Bosquit in accordance with the agreement and request of the plaintiffs. This allegation showed a complete novation, and rendered the replication bad as showing a right of action in Bosquit only, whereas the suit was being prosecuted in the names of Bosquit and Clark.

A demurrer was properly sustained to the third amended replication. Immediately thereafter the plaintiffs asked leave to refile their replication, referring undoubtedly, as the record shows, to the second amended replication. The court refused to grant this request and rendered judgment for the defendant. The request for leave to " refile replication" was equivalent to a motion for leave to amend. A court may impose terms, or require an amendment to be made immediately, or refuse to permit an amendment to be made at all where the party asking leave is trifling with the court or seeking to delay proceedings unreasonably. But in this case the court refused to permit the refiling of the replication at any time or on any terms. This, at least, is the effect of the decision of the court. Where a good replication is amended in the manner suggested by the court, and the court is constrained, by a modification of his views, to sustain a demurrer to the replication as amended, leave should be granted to refile the original replication, or to amend, and a refusal to permit this to be done is error.

The judgment is reversed and the cause is remanded for proceedings in accordance with the views herein expressed.