## F. D. Clark and W. C. Bosquit, Partners, etc., v. Edward Lauman.

1. PARTNERS—*Agreements Between, Binding upon Third Persons with Notice.*—As between partners, they may agree that one only shall have the authority to settle and discharge debts, and a debtor of the firm, with notice of such an agreement, will be bound by it.

2.  SETTLEMENT—*When Fraudulent, not Binding.*—A settlement by a debtor of a partnership made with one partner in fraud of the rights of the others can not be sustained.

Assumpsit, for balance due on a contract.  Error to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.  Heard in this court at the August term, 1895.  Reversed and remanded.  Opinion filed March 7, 1896.

WISE & McNULTY, and WM. P. LAUNTZ, attorneys for plaintiffs in error.

In cases of fraud or collusion, the court will protect the other partners by refusing to allow a release made by one partner under such circumstances to operate as a defense. Such a release is void.  Bosquit & Clark v. Lauman, 52 Ill. App. 637; 1 Lindley on Part. (2 Am. Ed.), Marg. pp. 135, 145, 146; South Fork Canal Co. v. Gordon, 6 Wall. 561; Beatson & Messer v. Harris, 60 N. H. 83; Gram & Stewart v. Caldwell, 5 Cow. 489; Baker & Owen v. Richardson, 1 Young & Jervis, 364; Braley v. Goff & Orr, 40 Iowa, 76; Henderson & Smith v. Wild, 2 Campb. 561.

L. H. HITE, attorney for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The plaintiff in error sued defendant in error to recover an alleged balance of $769.99 for building a house.  The latter pleaded the general issue and set-off.  Afterward the general issue was withdrawn and a plea filed setting up a written agreement of settlement of the cause of action for $75 with Clark, but made in the name of the firm.  To this plea a replication was filed setting up that the alleged settlement was made in knowing fraud of Bosquit's rights; that defendant knew the plaintiffs were not general partners, but only for the construction of that building; that the work was all done and defendant was notified that Clark had no interest in the contract, and that William P. Launtz was to collect the money due and was authorized to settle for same, etc.

Trial was had on this issue and judgment was rendered for the defendant.

The evidence shows that there was a balance of $769.99 due the plaintiff. The defendant did not choose to offer proof under his plea of set-off, but relied upon the agreement of settlement made with Clark.

The alleged settlement was made on the 7th day of November, 1892.

Prior to that time, on the 2d day of November, 1891, the defendant had been served with a copy of the following agreement made between Clark & Bosquit:

" We, the undersigned, hereby agree that no settlement of the balance (contract price) for building the Lauman house * * * now due us, shall be settled by or through any other person than Wm. P. Launtz, who alone is hereby authorized to settle the same for us, and we request and notify said Lauman to settle the same with no other person, only in the event of said Launtz' absence from the city, when George L. Corliss, Esq., attorney for said Launtz, is hereby authorized to settle same. Witness our hand and seals this 2d day of November, 1891.

F. D. CLARK,
W. C. BOSQUIT."

The evidence further shows that Bosquit was the principal man of the firm, managed its affairs, and that Clark was a journeyman carpenter, who, as soon as the written agreement was made, settling said cause, left for parts unknown. He was a man who indulged in drink at times to excess, and was engaged with Bosquit in this contract only. He sought out the attorneys for defendant to obtain the settlement and the $75, and although Bosquit and Launtz were in the same city, the settlement was made without consulting them or either of them, although it was well known they insisted there was $769.99 due.

Leaving out of consideration all other evidence, the written agreement between Bosquit and Clark, above set out, a copy of which was served on the defendant, precluded him from settling with Clark alone.

The instrument was more than one evidencing the appointment of an agent to collect. It was an agreement as between the parties themselves, in effect that neither should collect the money or settle the matter. It was full notice to defendant that neither separately had the authority to do so. Want of authority, of course, destroyed the validity of the release. The agreement was of such a character that neither party to it could withdraw from and nullify it without the consent of the other, which expressly stated that " we request and notify said Lauman to settle the same with no other person" than said Launtz. The effect of this instrument seems to have been misconceived, for looking at it as a contract between the parties themselves, which on its face it purports to be, it is clear that it could not be revoked by either at his pleasure.

It has been repeatedly held, that as between the partners, they may agree that one only shall have the authority to settle and discharge debts, and a debtor of the firm, with notice of such agreement, would be bound by it. Gram v. Caldwell, 5 Cowen 489; Lunt v. Stevens, 24 Me. 534. And in Beaston and Messer v. Harris, 60 N. H. 83, it is held a fraudulent settlement with notice of the rights of the other parties, will not be sustained. We hold the settlement made in this case, with notice of the agreement, was a fraud on Bosquit and not binding on the firm. The judgment is reversed and the cause remanded.