### Edward Lauman v. F. D. Clark & W. C. Bosquit, Partners, Etc.

1.  ABSTRACT—*When Insufficient.*—If counsel are not satisfied with the abstract furnished, they should present one with which they are satisfied. A party can not impose upon the court the labor of reading the record by finding fault with the abstract filed by his adversary.

2.  VERDICTS—*When not Void for Uncertainty.*—A verdict in the following words: "We, the jury, find the issues for the plaintiffs, and assess their damages at $769.99 with interest at 4 per cent per annum for the period of 5 years," is not void for uncertainty. The clerk can compute the amount for which judgment is to be entered.

3.  MECHANICS' LIEN—*Statement of Subcontractors, Laborers, Materialmen, Etc.*—The mechanics' lien law in force July 1, 1891, did not require a sworn statement as to subcontractors, laborers, materialmen, etc., to be furnished unless demanded.

**Assumpsit,** on a building contract. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

M. MILLARD and W. J. N. MOYERS, attorneys for appellant.

W. P. LAUNTZ and WISE & McNULTY, attorneys for appellees.

The verdict was certain. The interest should have been added to the $769.99, making the aggregate sum the verdict. Clapp v. Martin, 33 Ill. App. 438; 28 Am. and Eng. Ency. of Law, p. 301, note 2; Beckwith v. Carleton, 14 Ga. 691; Mitchell v. Addison, 20 Ga. 50; Gaff v. Hutchinson, 38 Ind. 341; McGregor v. Armill, 2 Iowa, 30; Stevens v. Campbell, 6 Iowa, 538; McLellan Dry Dock Co. v. Farmers, Etc., Steamboat Line, 43 La. Ann. 258.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

The declaration in this case contains the common counts, to which the general issue is plead. It was stipulated that plaintiffs might offer any evidence which would be admissible under special counts, and that defendant might make all defenses under the general issue.

The suit grows out of a building contract, made June 18, 1891. It has been twice before this court, and is reported in 52 Ill. App. 637, and 63 Ill. App. 132. Unless there is manifest error in the record, an end should be made to the litigation.

The abstract of evidence is incomplete. Counsel for appellee complain of its insufficiency and say, "We ask the court to read the testimony from the record, so as to obtain a correct understanding of the case." If

counsel were not satisfied with the abstract, they should have presented one with which they were satisfied.

"A party can not impose upon the court the labor of reading the record by finding fault with the abstract filed, and grumbling about it does not present any question for the action of the court." Hand v. Waddell, 167 Ill. 402.

We have, however, in this case, examined the testimony as shown by the record.

Appellant, in his brief, bases his defense upon these propositions: First. That no money could be claimed until the sworn statement required by the lien law then in force was made. This refers to the statement under the law of 1887 as to subcontractors, laborers, material, etc.

This suit was commenced in March, 1892. The law, as amended and in force after July 1, 1891, did not require a sworn statement, unless demanded, and there is no evidence of such a demand in this case. On the contrary, appellant went with appellees and saw that claims were adjusted and paid. Gilmore v. Courtney, 158 Ill. 432, cited by appellant, does not apply in this case, as it was decided while the act of 1887 was in force. The other two grounds of objection by appellant may be considered together. They are as follows: "That the architect's estimate is a condition precedent to the right to sue; and that the architect's statement of the account as between plaintiffs and defendant shows them to be in his debt."

There is no clause in the contract that makes the architect's estimate a "condition precedent" to the right to sue. There is nothing then in this objection.

The contract contains this clause: "The superintendent's opinion, certificate, report and decision upon all matters to be binding and conclusive on the parties of the second part." This clause is binding upon ap-

pellees, unless waived by appellant by agreement, or by acts showing waiver, or by the refusal of the architect to act, or by circumstances in evidence that prove fraud on the part of the architect.

The court gave, among other instructions, the two following for appellees:

"1. If the jury believe from the evidence that the architect and superintendent named in the contract fraudulently and willfully refused to accept said work, without a cause, and fraudulently and willfully refused to give the plaintiffs an estimate showing the amount due them for performing the work done under the contract in this case (if you believe from the evidence they did so perform such work), and you further believe from the evidence the plaintiffs did perform the work and completed the building according to the plans and specifications, then you will find for the plaintiffs, and assess their damages for such sum, if any, as you may believe from the evidence remains due them.

"5. If you believe from the evidence that the superintendent named in the contract in this case accepted the work performed by the plaintiff, as the work progressed, as required by the contract, and was satisfied with it, and you further believe from the evidence that after the contract was completed, he accepted the work performed by the plaintiff, except as to the brick work and some other work which he had accepted prior to the completion of the contract, then you are instructed that, in law, this was an acceptance of the whole; that the architect, when he once accepted the work, would have no right to withdraw his acceptance without good cause and refuse to accept the work."

We think there was evidence that warranted giving these instructions and that they correctly state the law. Fowler v. Deakman, 84 Ill. 130; Cook Co. v. Harms, 108 Ill. 151.

Under these instructions the jury must have found that facts were proven that took the case out of the requirement in the contract that the "Superintendent's opinion, certificate, report and decision upon all matters to be binding on the parties of the second part."

From an examination of the record we are not prepared to say that such a conclusion was unwarranted.

Appellees assign as cross-error that the trial judge required them to remit the interest specified in the verdict, upon the ground of uncertainty, upon his statement that a new trial would be granted if the interest was not remitted. The verdict was in the following words: "We, the jury, find the issues for the plaintiffs and assess their damages at $769.99, with interest at 4 per cent for a period of 5 years."

There is no uncertainty in the verdict. It could have been computed by the judge, or by the clerk, and judgment rendered for the exact amount. The maxim "*Id certum est quod certum reddi potest,*" is readily applicable to verdicts. 28 Am. and Eng. Ency. of Law, p. 200, citing many authorities.

Appellee, however, remitted the interest and accepted judgment for the principal. Having done so, the judgment will not be reversed for this error of the court. Judgment affirmed.