[No. 6,908.—Department Two.]

## T. W. FERRY *v.* JOHN W. HAMMOND ET AL.

Law of the Case—Promissory Note—Contemporaneous Contracts—Construction of Contract.—On the trial the Court excluded evidence to sustain the allegations of the answer, which on a former appeal—from a judgment upon a demurrer thereto—had been held sufficient. *Held*, To be error.

APPEAL from a judgment for the plaintiff in the Fifth District Court, County of Stanislaus. BOOKER, J.

The action was upon a promissory note made by the defendants to the plaintiff for the sum of five thousand three hundred and forty dollars and ninety-four cents, dated November 20th, 1876, and payable six months after date. The answer (in the 5th and 6th subdivisions) alleged in substance that prior to the date of the note the defendants purchased of the plaintiff a certain business store and stock in trade, and that thereupon articles of agreement were entered into by and between the parties, which were subsequently, on the 17th day of December, 1876, signed by the parties and delivered to the defendants. A copy of this contract, marked Exhibit "A," was attached to the answer, the material portion of which is as follows: "And the parties of the second part agree to pay the parties of the first part three thousand dollars ($3,000) upon the signing of this contract, and the balance in payments not to exceed five hundred dollars ($500),

without interest for the first six months, and the first payment shall not be due until eighteen months after date, and to have thirty days' notice on each and every payment, and from four to six months' time (between payments) before making another demand, with interest on the same at the rate of one per cent. per month, and with the privilege of buying the building after the expiration of the two years." The answer, in effect, alleged that the promissory note was executed for the sole purpose of showing the amount due on the purchase, and that it was expressly understood and agreed that the payment of the note was to be controlled and governed by the terms of the agreement, and that there was no other consideration therefor than as above stated. That the note and agreement, though differently dated, were delivered at the same time. The decision of the Supreme Court on the former appeal (filed October 1st, 1878) was as follows: "The fifth and sixth subdivisions of the amended answer, and Exhibit 'A' referred to therein, presented a valid defense to the action, and the Court below erred in striking out those portions of the answer, and in sustaining the demurrer thereto." On the trial defendants' attorney offered in evidence the agreement, Exhibit "A," and on being asked by the Court to state the object for which he offered it, replied: "The object for which we offer it is to show * * * that the true agreement between the two parties is as contained in that Exhibit 'A,' and that the note is collateral to this agreement: we propose to connect the two by parol testimony." The Court sustained the objection on the ground that there was nothing in the written agreement that referred to the promissory note.

*W. E. Turner & D. S. Terry,* for Appellants.

*George W. Schell,* for Respondents.

The COURT:

It was decided by this Court, when this case came before it on a former appeal, that the answer of the defendants presented a valid defense to the action, and that the Court erred in sustaining a motion to strike out those portions of it which on this appeal are most material. (*Ferry* v. *Hammond,* 2 Pac. C. L. J. 125.)

After the case was remanded to the Court below it came on for trial there, and the defendants offered to prove those averments of their answer which this Court had held would constitute a complete defense to the action, and the Court below sustained an objection to the introduction of evidence to prove the same. We think that the exception to this ruling was well taken.

Judgment reversed and cause remanded for a new trial.