[Civ. No. 729.  Second Appellate District.—January 22, 1910.]

## J. A. HILL, Appellant, v. MARYLAND CASUALTY COMPANY, a Corporation, Respondent.

INDEMNITY INSURANCE — POLICY TO PARTNERSHIP — DISSOLUTION — AGREEMENT OF PARTNERS—SECRET RELEASE—ACTION BY ONE PARTNER—NOTICE—WANT OF FINDING—ERROR OF LAW.—In an action by one member of a dissolved partnership to enforce a policy of indemnity insurance issued to the partnership, as an employer, to indemnify it against loss for damages to its servants, where the complaint alleges payment by plaintiff of a judgment for damages against the partners, that the partnership had been dissolved, and that the partners had agreed that the policy should be held for their joint and several protection, that his copartner had secretly released such liability to defendant, and that defendant had notice of such agreement, it is held that the failure of the trial court to find upon the issue as to whether or not the defendant had notice of such agreement, constituted an error of law, for which an order denying a new trial to the plaintiff must be reversed.

ID.—CONSTRUCTION OF FINDING AS TO WANT OF NOTICE—SPECIAL AGREEMENT FOR DEPOSIT OF POLICY.—A finding that defendant had no notice of a special agreement to deposit the policy with a third party cannot be construed as a finding as to want of notice of the agreement to protect both partners from liability for the particular claim for damages recovered.  Notice of such agreement was the material issue in the case upon which plaintiff's right of recovery depended, and he was entitled to a direct finding covering the same.

ID.—SUPPOSED FINDING AS TO WANT OF NOTICE OF AGREEMENT UNSUPPORTED.—*Held*, that if the finding should be construed to import a finding that defendant had no notice of the agreement between the partners to protect themselves against the judgment for damages in question, it would be unsupported by the evidence, which, construed with other findings, sufficiently shows that defendant had notice of such agreement, under the terms of which one partner had no power to act for the partnership in releasing defendant from its obligations.

APPEAL from an order of the Superior Court of Los Angeles County, denying a new trial.  Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Percy R. Wilson, and Constan Jensen, for Respondent.

SHAW, J.—Action to recover from defendant upon a policy of employers' liability insurance. Plaintiff and one Anton Swensen were partners engaged in the construction of what was known as the Third street tunnel in the city of Los Angeles. While so engaged defendant issued to the copartnership a policy of employers' liability insurance, whereby it agreed to indemnify the copartnership against liability for damages sustained by its employees on account of injury received by such employees while engaged in the prosecution of the work, the same to be paid when claim for damages so received was reduced to judgment and the judgment satisfied. On January 21, 1900, while the policy was in full force and effect, one Powley, an employee of the copartnership, was killed. His heirs instituted suit for damages, obtained judgment in the trial court, which on appeal was affirmed and thereafter duly satisfied by plaintiff.

On March 1, 1901, prior to the rendition of the judgment in the trial court, Hill and Swensen dissolved partnership, adjusting all of their partnership liabilities and assets, save and except as to the claim for damages in the Powley suit and the policy of insurance held by them as indemnity for such liability. At the same time they agreed that the policy of insurance should be held for their protection against any judgment which might be rendered in the Powley suit, and to that end it should be deposited in the hands of a third person to hold pending the final termination of such action. Such agreed deposit, however, was not made, but the policy was retained in the possession of Swensen, who, on March 31, 1902, in consideration of $3,300 then paid to him by defendant, and while the Powley suit was pending on appeal, and without the consent or knowledge of Hill, delivered the policy to defendant, together with a full release thereof to which he had affixed the partnership name of Hill & Swensen. Swensen immediately left for Mexico, where he died on June 16, 1903. Plaintiff did not learn of the transaction between defendant and Swensen until after the latter's death, and did not receive any part of the proceeds of the settlement. The action was to recover the

amount of the judgment rendered against Hill & Swensen in favor of the heirs of Powley. The court gave judgment for defendant; plaintiff moved for a new trial, which was denied, and the appeal is from the order denying the same.

The grounds urged in support of a reversal of the order are, errors of law in that the court failed to find on material issues; insufficiency of the evidence to support the findings; and newly discovered evidence.

It appears from the findings that on March 1, 1901, the tunnel having been completed, Hill & Swensen dissolved partnership, at which time the partnership assets, other than the policy of insurance, were divided between them, and as to all liabilities other than the claim of Powley's heirs, they agreed in writing that each would pay one-half thereof; that at the time of the dissolution it was agreed between Hill and Swensen that the policy of insurance should be placed in the keeping of one Warren Gillelen, to be held by him for the protection of the partners against any judgment which might be rendered against said copartnership in the suit then pending against them by the heirs of Powley, deceased, and that no other agreement was made between Hill and Swensen concerning the deposit or disposition of the policy of insurance; that the policy was in fact not so deposited, but possession thereof was, with the knowledge of plaintiff, retained by his copartner Anton Swensen.

It is alleged in the complaint that at the time of the dissolution it was agreed "that said policy of insurance should be retained as the joint property of said copartners solely and for the purpose of liquidating any judgments that might be obtained in any of said suits brought to recover damages for accidents, as hereinbefore set out, and both of said partners agreed that said policy should be deposited with a third person and held solely for said purpose, and that neither said Swensen nor said Hill should have any right or power to use or dispose of said policy for any other purpose"; and that defendant had notice of this agreement and notice that said policy was segregated by said partners for the purpose of liquidating any judgments that might result from said suits.

As to the disposition of the policy made by Hill and Swensen at the time of the dissolution of the copartnership,

the court found that no other agreement as to the policy was made between the said copartners, other than that the same "should be deposited with one Warren Gillelen, to be held by him for the protection of the partners against any judgment which might be rendered against said copartners in said suit then pending against them by the children of said W. F. Powley, deceased." Fairly interpreted, we construe this finding to mean that it was agreed between Hill and Swensen: First, that the policy of insurance, whereby defendant had for a consideration covenanted to protect them from liability for damages resulting from the death of Powley, should not be sold or otherwise disposed of, but should be held for their joint and several protection against any judgment which might be obtained in the pending action against them on the part of the heirs of Powley; second, that as a means of accomplishing the purpose agreed upon, it should be placed in the hands of Warren Gillelen. As this was the only agreement made, the chief point in the controversy, then, is whether or not defendant had notice thereof. Upon this point the court found that, while defendant had notice of the dissolution of the copartnership shortly after it was made and prior to the settlement with Swensen, it "did not at any time have notice of the agreement or arrangement made between said partners, Swensen & Hill, for the deposit of said policy of insurance with said Warren Gillelen, and the defendant did not at any time have any knowledge of any agreement made between the said partners concerning the deposit of said policy of insurance." This finding is directed solely to the alleged fact that the policy was to be deposited with Gillelen, as to which fact *only* the court finds defendant did not have notice. It cannot be construed as a finding upon the question as to whether or not defendant had notice of the agreement that the policy should be held to protect Hill and Swensen against "any judgment which might be rendered against said copartners in said suit then pending against them by the children of said W. F. Powley, deceased." It by no means follows that, because defendant was without notice of the incidental agreement for depositing the policy with Gillelen, it was likewise without notice of that which constituted the material part of the agreement, namely, that

the policy should be held for the purpose as found by the court. Notice of this agreement was the material issue in the case, and the one upon which it is conceded plaintiff's right to recover depended. He was entitled to a direct finding covering the same. Failure to find thereon constituted an error of law for which the order denying plaintiff's motion for a new trial must be reversed.

Even though it should be held that this finding as to notice was responsive to the issue raised, we are of the further opinion that thus construed it is unsupported by the evidence. The evidence of plaintiff tended to prove that, on numerous occasions while the Powley suit was pending on appeal, Marshall A. Frank and C. O. Hawley, both of whom were agents of defendant, endeavored to purchase the policy of insurance and obtain from both Hill and Swensen a release of any obligations thereunder; that Swensen was willing to sell the same and sign a release as to such obligations, but that plaintiff refused so to do. Plaintiff testifies that, on one of these occasions: "I told Mr. Frank that me and Mr. Swensen had dissolved partnership, and that we had agreed to leave that policy for the protection of the two of us, to protect that judgment. I says, 'If the supreme court decides in your favor, well and good; it won't cost you a five-cent piece. If it don't,' I says, 'all I want is the protection that policy affords to me.'" This was denied by Frank, and if this was all the evidence, the finding should be sustained upon the ground of a substantial conflict of evidence bearing upon the issue; but Hill also says that he had the same conversation practically with Mr. Hawley, who, as stated above, was likewise a recognized agent of defendant. We have looked in vain for any testimony on the part of Hawley which can be regarded as a denial of this conversation claimed to have been had with him by plaintiff. There was other testimony on the part of plaintiff as to a conversation had with Swensen, Hawley being present, when both Swensen and Hawley were urging him to assent to a release of defendant from its obligations under said policy of insurance, and wherein Hawley, in response to plaintiff's refusal to execute such release, stated that the company would fight any suit instituted to recover upon the policy and take the same to the supreme court.

It is apparent that Hawley, when questioned as to these conversations, endeavored to and did evade giving direct answers. He does admit that he had such a conversation with plaintiff, but says, "I don't think I ever talked with the two of them [i. e., Hill and Swensen], at one time regarding this." Hawley also says that Hill told him several times that he did not want to sell the policy. It is apparent from Hawley's testimony that he well understood Hill's opposition to any disposal of the policy.

While the testimony of Hill, if contradicted, might be entitled to but little weight, it is, nevertheless, in the absence of contradiction, when considered with facts found, sufficient to constitute *prima facie* evidence that defendant had notice of an agreement between Hill and Swensen under the terms of which the latter was deprived of the power and authority to act for the copartnership in releasing defendant from its obligation.

The order is reversed.

Allen, P. J., and Taggart, J., concurred.