280 P.2d 415

Lyman Burgess HOLLINGSWORTH, Plaintiff,

v.

M. Oliver KOELSCH, Judge of the Third Judicial District of the State of Idaho, in and for Ada County, Defendant.

No. 8252.

Supreme Court of Idaho.

Feb. 17, 1955.

Rehearing Denied March 14, 1955.

Langroise & Sullivan, Boise, for plaintiff.

Robert E. Smylie, Atty. Gen., J. Clinton Peterson, Asst. Atty. Gen., for defendant.

PORTER, Justice.

Plaintiff filed his application in this court for a writ of mandate. He seeks to compel defendant to grant a stay of a certain order of the Commissioner of Law Enforcement suspending plaintiff's license to practice medicine and surgery for a period of fifteen months. An alternative writ of mandate was issued. Defendant filed a motion to quash the alternative writ and filed an answer by way of return to such writ. A hearing has been held and the matter is now before us for determination.

By the application of plaintiff for writ of mandate, the following facts are made to appear:

Plaintiff has for many years last past been engaged in the practice of medicine and surgery in Boise, Ada County, Idaho, and is the holder of License No. M–1626 to practice medicine and surgery issued by the State of Idaho.

On September 15, 1954, the State Board of Medicine held a hearing in the matter of the license of plaintiff to practice medicine and surgery. On September 25, 1954, the Board of Medicine made a finding that on April 17, 1954, plaintiff was convicted in the United States District Court for the District of Idaho of the offense of filing false and fraudulent income tax returns, a felony. From such finding the Board concluded and recommended "that the Commissioner of Law Enforcement forthwith issue and serve upon said licensee an order suspending the said licensee from the privilege of practicing medicine and surgery under authority of License No. M–1626 for the period of fifteen months from the date of said order."

On September 27, 1954, the Commissioner of Law Enforcement of the State of Idaho, in accordance with such recommendation of the State Board of Medicine, issued an order suspending the license of plaintiff to practice medicine and surgery for a period of fifteen months from the date of such order.

On October 15, 1954, plaintiff filed a Notice of Appeal in the District Court of the Third Judicial District of the State of Idaho, in and for Ada County, appealing from such order of the Commissioner of Law Enforcement.

On October 29, 1954, plaintiff filed a motion in said district court to stay the order of said Commissioner of Law Enforcement pending a determination of the appeal in said action on the ground that plaintiff would suffer great and irreparable injury and damage if such order were not stayed. The motion was supported by the affidavit of plaintiff. The Commissioner of Law Enforcement filed no counter affidavits and offered no proof or evidence in opposition to the facts set out in said affidavit either oral or documentary. After hearing on said motion to stay the order of the Commissioner of Law Enforcement pending a determination of the appeal, defendant, on November 5, 1954, made and entered an order denying such motion.

The application further alleges that unless such stay be granted plaintiff will suffer great and irreparable damage and extreme suffering during the pendency of said action; and has no plain, speedy and adequate remedy in the ordinary course of law.

By his answer, defendant admits the facts set out in plaintiff's application with the exception that he denies plaintiff will suffer great and irreparable damage during the pendency of the action.

Section 54–1812, I.C. provides for an appeal to the district court from the proceed-

ings of the State Board of Medicine and Department of Law Enforcement in revoking or suspending a license by the Board and the Department. That portion of such section pertinent to a decision in this cause, reads as follows:

"A district court *shall,* if a showing of irreparable damage is made by the licensed person accused, stay the order of the commissioner revoking or suspending such license pending a determination of the appeal herein provided." (Emphasis supplied.)

Defendant does not contend that the order denying the motion to stay is appealable; or that plaintiff has a plain, speedy and adequate remedy at law; or that mandamus is not a proper proceeding to test the questions at issue.

In justification of his order denying the motion to stay, defendant urges it was within the discretion of the trial court to either deny or grant such motion; and that a writ of mandate will issue to compel the exercise of discretion but not to control such discretion or say in what manner the same shall be exercised.

Defendant contends that the trial court was required to exercise judicial discretion in determining whether a showing of irreparable damage had been made. The affidavit of plaintiff in support of his motion sets out that affiant has spent many years and large sums of money to train, educate and prepare himself for the practice of medicine and surgery; that he has a wife and one minor child to support; that affiant and his family are wholly dependent for their support and livelihood upon the earnings of affiant from his practice of medicine and surgery; that affiant has spent many years in the practice of medicine and surgery in Boise, Ada County, Idaho, and has built up and established a large and valuable practice in his profession; that unless the order of the Commissioner of Law Enforcement be stayed pending the appeal, affiant's professional practice will be dissipated and completely lost and wiped out; all to the irreparable damage of affiant.

Plaintiff's affidavit and the facts therein set out were in no way contradicted, controverted or questioned by counter affidavits or otherwise. There was nothing inherently improbable in the facts alleged and the same are not contradicted by the circumstances of the case. Such facts being unchallenged and uncontradicted were to be accepted as true. Consolidated Wagon & Machine Co. v. Housman, 38 Idaho 343, 221 P. 143; Weaver v. Rambow, 37 Idaho 645, 217 P. 610; Brainard v. Coeur d'Alene Antimony Mining Co., 35 Idaho 742, 208 P. 855. There was nothing to invoke the discretion of the trial court for the determination of any facts.

The facts set out in the affidavit show that irreparable damage will result to plaintiff and to his professional practice if the

motion to stay the order of the Commissioner of Law Enforcement is not granted. The conclusion is obvious that the professional practice of plaintiff will be scattered, dissipated and irreparably damaged if he be compelled to refrain from taking care of such practice pending the determination of his appeal from the order of the Commissioner of Law Enforcement.

Defendant urges that a stay of proceedings upon an appeal from an order of an administrative body is not generally a matter of right but is a matter of judicial discretion and cites Scripps-Howard Radio Inc., v. Federal Communications Commission, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229, at page 1234, and 42 Am.Jur., Public Administrative Law, Sec. 238.1 pages 678–9, in support of such contention. These authorities deal with the power of the court to grant a stay in the absence of a statute. In the instant case we are concerned with a right to a stay granted by statute.

Defendant further contends that the word "shall" as used in Section 54-1812, I.C., is not to be held to be mandatory but is to be construed as permissive only; and that a discretion is lodged by such statute in the trial court as to whether or not the stay shall be granted. Defendant has some authority for this contention.

This court has several times considered the effect of the parallel use of the word "shall" in other statutes. In Consolidated W. & M. Co. v. Housman, supra, the court

was considering an order denying a motion to set aside a default judgment. The court recognized that prior to 1921 the question of whether the neglect of the defendant was excusable was addressed to the discretion of the trial court under C.S. § 6726 [now § 5–905, I.C.]. The court then called attention to the 1921 Amendment of said section, the pertinent part of which amendment reads as follows:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, *shall,* upon application filed within the time above limited, set aside such judgment, order or proceeding * * *." (Emphasis supplied.)

The court set out that after the amendment an entirely different question arose and said: [38 Idaho 349, 221 P. 144]

"It appearing that the judgment was taken against appellant through the failure of an attorney within the meaning of the act, nothing was left to the discretion of the court, and the judgment should have been set aside."

In Brainard v. Coeur d'Alene Antimony Mining Co., 35 Idaho 742, at page 748, 208 P. 855, at page 856, the court discussed the

effect of the 1921 Amendment of Section 5-905, I.C., and said:

"These circumstances constituted neglect and failure of the attorneys within the meaning of the 1921 act, resulting in the default judgment. It is true that this court has often held, in considering the old statute, that an order of the district court setting aside a default judgment, or refusing to do so, will not be reversed except for an abuse of discretion. In this case the facts are clear and uncontradicted, and left no discretion in the trial court if the new statute applied."

In Miller v. Brinkman, 48 Idaho 232, at page 235, 281 P. 372, at page 373, this court, in considering the effect of such 1921 Amendment of Section 5-905, I.C., and the use of the word "shall" therein, said:

"It is too plain for argument that this 1921 amendment makes it the duty of the court to set aside a default entered against a defendant for the failure of his attorney to appear and answer within the time provided therefor."

In State ex rel. Sweeley v. Braun, 62 Idaho 258, 110 P.2d 835, it was held that under Section 5-905, I.C., as amended in 1921, the neglect of the attorney in causing or permitting the default is a mandatory excuse. See also Koon v. Bottolfsen, 66 Idaho 771, 169 P.2d 345; In re Grattan's Estate, 155 Kan. 839, 130 P.2d 580; Steinbrenner v. Love, 113 Mont. 466, 129 P.2d 101; Wells Fargo & Co. v. City and County of San Francisco, Cal.App., 144 P. 2d 415.

■ In determining whether a statute mandatory in form should be construed as directory or permissive, the meaning and intention of the Legislature must govern as the same may be ascertained not only from the phraseology of the statute but also by considering its nature, design and the consequences which would follow from construing it one way or the other. Weaver v. Rambow, supra; In re Overland Co. v. Utter, 44 Idaho 385, 257 P. 480; Meyers v. City of Idaho Falls, 52 Idaho 81, 11 P.2d 626.

■ There is nothing in Section 54-1812, I.C., or cognate statutes to indicate that the Legislature in using the words "shall * * * stay the order" intended to use the same in any other than an imperative sense. Such statute concerns the stay of the enforcement of an order of an administrative body and not the judgment of a court. In the instant case if the order of the Commissioner of Law Enforcement is not stayed, it might well be carried out in full and become moot prior to the determination of the appeal, and result in irreparable damage to plaintiff if the order be finally found to be wrong. In Scripps-Howard Radio, Inc., v. Federal Communications Commission, 316 U.S. 4,

at page 10, 62 S.Ct. 875, at page 880, 86 L. Ed. 1229, at page 1234, the court, in discussing a stay of an administrative order pending appeal, said:

"If the administrative agency has committed errors of law for the correction of which the legislature has provided appropriate resort to the courts, such judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made."

■ Under Section 54–1812, I.C., it being made to appear without contradiction that irreparable damage would be suffered by plaintiff unless granted a stay of the order of the Commissioner of Law Enforcement pending determination of his appeal, it was the mandatory duty of the trial court to grant such stay.

The motion to quash the alternative writ of mandate is denied. It is ordered that a peremptory writ of mandate issue requiring defendant to forthwith make and enter an order staying the said order of the Commissioner of Law Enforcement dated September 27, 1954, pending the determination of the appeal of plaintiff from such order to the District Court of the Third Judicial District of the State of Idaho in and for Ada County. No costs allowed.

TAYLOR, C. J., KEETON and ANDERSON, JJ., and SUTPHEN, District Judge, concur.