548 P.2d 861

**Marjorie Ruth MOON, as State Treasurer, Plaintiff,**

v.

**The INVESTMENT BOARD of the State of Idaho, Defendant.**

**No. 12005.**

Supreme Court of Idaho.

April 19, 1976.

Wayne L. Kidwell, Atty. Gen., Boise, Wayne P. Fuller, Sp. Asst. Atty. Gen., Caldwell, for plaintiff.

Robert E. Smylie of Langroise, Sullivan & Smylie, Boise, for defendant.

**PER CURIAM:**

This is an original proceeding filed by State Treasurer, Marjorie Ruth Moon, plaintiff, to compel the Investment Board of the State of Idaho, defendant, to transfer custody of the assets of the Public School Endowment Fund to her and to prohibit the Investment Board from further use of its selected custodians for the assets of the fund. A writ of prohibition was denied, and an alternative writ of mandate issued. The question is whether the alternative writ of mandate should be quashed or be made permanent.

To resolve this matter this Court must determine if there is a conflict between article IX, section 3, of the Idaho Constitution and I.C. § 57–715, *et seq.*, particularly as to the custodial rights of the public school endowment funds. Plaintiff treasurer argues she has the right to the custody of the funds under the constitution, and defendant board claims it has the right to their custody.

Article IX, section 3, of the Idaho Constitution provides:

> "*Public school fund to remain intact.*— The public school fund of the state shall forever remain inviolate and intact; the interest thereon only shall be expended in the maintenance of the schools of the state, and shall be distributed among the several counties and school districts of the state in such manner as may be prescribed by law. No part of this fund, principal or interest, shall ever be transferred to any other fund, or used or appropriated except as herein provided. *The state treasurer shall be the custodian of this fund,* and the same shall be securely and profitably invested as may be by law directed. The state shall supply all losses thereof that may in any manner occur." (Emphasis supplied.)

The treasurer relies upon the provision underlined.

Idaho Code § 57–721 provides:

> "*Management of permanent endowment funds by investment manager(s)—*

*Appointment of custodian of permanent endowment funds.*—The board shall select and contract with a minimum of one (1) investment manager(s) to manage the permanent endowment funds. Such investment manager(s) so selected shall, subject to the direction of the board, exert control over the funds as though the investment manager(s) were the owner thereof. The department of finance shall be responsible for insuring that the investment manager(s) comply with this act and the policies formulated by the board.

The board may select and contract with a minimum of one (1) bank or trust company to act as custodian of endowment fund assets and provide safekeeping thereof." (Emphasis supplied.) Defendant relies upon the provision underlined.

The matter of investment provisions of the fund as heretofore quoted was before this Court in *Moon v. Investment Board,* 96 Idaho 140, 525 P.2d 335 (1974), and in a unanimous opinion it was pointed out that the legislative control over investment of the funds through the Investment Board "does not conflict with the provision that the state treasurer should be the custodian of the fund, but bifurcates the responsibilities between the executive and legislative branches of government." 96 Idaho at 144, 525 P.2d at 339.

■ This Court has held that the ordinary rules of statutory construction apply to constitutional provisions generally. *Engelking v. Investment Board,* 93 Idaho 217, 221, 458 P.2d 213, 217 (1969), and cases cited therein. We have recognized and applied the rule of construction that where a statute or constitutional provision is plain, clear, and unambiguous, it "speaks for itself and must be given the interpretation the language clearly implies." *State v. Jonasson,* 78 Idaho 205, 210, 299 P.2d 755, 757 (1956). Applying that rule here, we can reach no other conclusion than that article IX, section 3 of the Idaho Constitution directs that the state treasurer is custodian of the public school fund.

The holding of *Moon v. Investment Board, supra,* is reaffirmed and the writ of mandate directing that the state treasurer have custody of the public school endowment fund is made permanent.