585 P.2d 953

**In the Matter of the ESTATE of Joy Evangeline IRWIN**

**Verna RUSSELL, Administratrix-Appellant,**

v.

**William BUTLER, Pearl Famar, Robert Butler, Nellie Leonard, Elizabeth Farmer, Fred Butler, Jean Tusing and Ollie Reed, Heirs-Respondents.**

No. 12542.

Supreme Court of Idaho.

Oct. 19, 1978.

**544**

John K. Gatchel of Gatchel & Batt, Payette, for administratrix-appellant.

Wayne P. Fuller of Fuller & Radke, Caldwell, for heirs-respondents.

PER CURIAM.

Following entry of ex parte orders allowing extraordinary fees for the attorney and personal representative of the estate of Joy Evangeline Irwin, a final account and petition for settlement and distribution of the estate was filed. Objections to the final account and petition for distribution were filed by the heirs of the decedent. The lawyer magistrate who conducted the hearing entered an order dismissing the heirs' objections on the basis that he, as a magistrate, lacked jurisdiction to review the prior ex parte orders allowing extraordinary fees. From this order, the heirs appealed to the district court.

The district court issued its memorandum decision and order by which it reversed the magistrate's order and remanded the matter to the magistrate's court with directions to review the final account and objections thereto on the merits. Appeal was then taken by the administratrix to this court from this order of the district court.

The sole question presented on appeal is whether the district court erred in holding that the magistrate has jurisdiction to review the prior ex parte orders allowing extraordinary fees and objections thereto when the final account and the petition for settlement and distribution are considered.

According to the Uniform Probate Code, the authority of a court supervising the administration of a decedent's estate continues "until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding." I.C. § 15–3–501. When a petition for final settlement of the estate is filed, the court may, upon petition, review any claim charged against the estate which has not been previously and properly allowed. I.C. § 15–3–1001. In view of the above statutes, it cannot be said that the district court erred in directing the magistrate to review the prior ex parte orders allowing extraordinary fees and objections thereto when the final account and the petition for settlement and distribution are considered.

The order of the district court is affirmed.