595 P.2d 299

**STATE of Idaho, DEPARTMENT OF
LAW ENFORCEMENT,
Plaintiff-Appellant,**

v.

**ONE 1955 WILLYS JEEP, V.I.N.
573481691,
Defendant-Respondent.**

No. 12739.

Supreme Court of Idaho.

May 2, 1979.

David H. Leroy, Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for plaintiff-appellant.

Dennis L. Cain of Sallaz, Scanlan, Beer & Cain, Boise, for defendant-respondent.

BAKES, Justice.

This is an appeal by the State of Idaho from the dismissal of a forfeiture proceeding under the Uniform Controlled Substances Act, I.C. §§ 37–2701 to –2751, against a vehicle owned by Dan and Karen Rauch. We reverse and remand.

On August 13, 1976, the state filed a complaint seeking the forfeiture of the Rauches' vehicle pursuant to I.C. § 37–2744(a)(4). The defendant filed a verified answer on September 8, 1976. The case was later set for trial in the magistrate division on November 19, 1976, seventy-two days after the filing of the verified answer. The case was apparently set for trial as the number four priority behind three criminal cases set for trial on the same day. This trial date was later vacated on motion by the defendant.

The defendant moved for summary judgment on the ground that the case had not been tried within thirty days of the filing of the verified answer and that the case had not been given priority over other civil cases as required by I.C. § 37–2744(d)(3)(D). That section provides:

"(D) If a verified answer is filed, the forfeiture proceeding shall be set for hearing on a day not less than thirty (30) days therefrom; and the proceeding shall have priority over other civil cases."

The magistrate denied the motion on December 14, 1976, ruling that the section did not require forfeiture hearings to be heard within thirty days of the filing of a verified answer but on the contrary required that the proceedings be heard "on a day not less than thirty (30) days" from the filing of the verified answer. The magistrate further ruled that the case was given "priority over other civil cases" since the other cases given the same trial date were all criminal cases.

The defendant appealed to the district court from the magistrate's order denying the motion for summary judgment. Ruling on the merits of the appeal, the district court on April 11, 1977, reversed the magistrate and concluded that despite its literal language subsection (d)(3)(D) must be read as requiring commencement of the trial within thirty days of the filing of a verified answer. The district court ruled that if the delay was caused by the court the matter should be dismissed. The court therefore remanded the case to the magistrate for a determination of the cause of the delay. The district court did not decide whether the magistrate had also failed to give the case priority over other civil cases.

On remand the magistrate found that the delay was caused by the court and the court clerk's office and therefore dismissed the case on April 13, 1977. The state appealed to the district court from the magistrate's dismissal arguing (1) that since the magistrate's order denying the defendant's motion for summary judgment was not a final judgment the district court had not had jurisdiction over the matter in the first appeal and the resulting order was therefore void, and (2) that the district court had erred in its original interpretation of subsection (d)(3)(D).

On August 17, 1977, the district court dismissed the second appeal, concluding that it had had jurisdiction to hear the original appeal, even though the order appealed from was not a final judgment, since the jurisdiction of the district court in this matter "is concurrent with the jurisdiction of a magistrate [and] the district court jurisdictionally can adjudicate upon any matter before any magistrate where the hearings or proceedings have not been segmented." The district court reaffirmed its original construction of the thirty day provision and affirmed the dismissal by the magistrate. The district court also awarded the defendant, apparently pursuant to I.C.

§ 12–121, $519.50 as reasonable attorney fees and costs incurred as a result of the state's second appeal. The state then brought this appeal.

■ The power of the district court when acting as an appellate court is limited to reviewing "final judgments of the magistrate's division . . . ." I.C. § 1–2213(1); I.R.C.P. 83(a)(1), (b) and (u)(1). It is well established that an order denying a motion for summary judgment is not a final judgment for purposes of appeal. *Twin Falls County v. Knievel,* 98 Idaho 321, 563 P.2d 45 (1977); *Wilson v. DeBoard,* 94 Idaho 562, 494 P.2d 566 (1972); *see also Pichon v. L. J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978). The district court therefore lacked jurisdiction to hear the first appeal from the magistrate's order denying the motion for summary judgment.[1] Since all subsequent orders entered by the district court were based upon the law as established in that proceeding in which the district court acted without jurisdiction, we reverse all orders entered subsequent to the magistrate's order denying the motion for summary judgment, including the two district court orders and the magistrate's dismissal of the case.

■ The statements in the dissent concerning the effect of the district court's first order and the state's failure to attempt an appeal to this Court from that order warrant some comment from a procedural standpoint. When the district court entered its first order, which reversed the magistrate's order denying the motion to summary judgment and remanded the case to the magistrate for further proceedings, there was not a final judgment from which an appeal could have been taken to this Court as was required by I.C. § 13–201 which was then in effect. The magistrate's

order denying the motion for summary judgment and the district court's reversal and remand of that order were at best interlocutory orders and clearly neither met the requirements of a final judgment necessary for an appeal to this Court. *See* I.C. § 13–201(1) (now repealed); *Oneida v. Oneida,* 95 Idaho 105, 503 P.2d 305 (1972); *State ex rel. State Board of Medicine v. Smith,* 80 Idaho 267, 328 P.2d 581 (1958). The fact that the district court did not acknowledge the basic limitation on its appellate jurisdiction, *i. e.,* the necessity of a final judgment, and permitted a piecemeal appeal from the magistrate to the district court does not, of course, require this Court to disregard that same rule and permit a piecemeal appeal from the district court to this Court. The dissent's suggestion that the state could have and should have appealed from the district court's first order to this Court is simply incorrect. Indeed, in light of our burgeoning caseload, the state should be commended, not penalized, for not burdening this Court with a premature appeal which obviously would have had to have been dismissed. *Oneida v. Oneida, supra.*

In support of its position, the dissent refers to *Estate of Irwin (Russell v. Butler),* 99 Idaho 543, 585 P.2d 953 (1978) (per curiam). That case involved an appeal from the magistrate's dismissal of objections to a final account filed by an estate's personal representative. The appeal was taken first to the district court and then to this Court. The appealability of the magistrate's order in *Irwin* was not raised at *any* level by either the parties, the district court or this Court, probably because the magistrate's order in *Irwin* was an order approving the final account and petition for settlement filed by the personal representative and as such was clearly appealable to the district court pursuant to the special rules concern-

---

1. The district court, of course, does have subject matter jurisdiction over appeals from the magistrate's division. *See* I.C. § 1–2213(1); I.R.C.P. 83(a), (b) and (u); *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 586 P.2d 1068 (1978). However, with reference to the particular order appealed from in this case, the district court lacked jurisdiction over the appeal in that it was improper for the district court to proceed

to hear the appeal absent a final judgment. Where an appeal is taken from a non-appealable order, the appeal should be dismissed, even by the court *sua sponte,* for lack of jurisdiction over the particular appeal. *See Soderman v. Kackley,* 97 Idaho 850, 555 P.2d 390 (1976); *Oneida v. Oneida,* 95 Idaho 105, 503 P.2d 305 (1972).

ing appeals of probate orders in I.C. § 17–201(6). The district court's decision was arguably appealable to this Court under I.A.R. 11(b), which went into effect while that case was pending on appeal before this Court. *See* I.A.R. 1. As a result, none of the parties in *Irwin* raised the non-appealability issue, nor did this Court.

■ The procedural course taken by the state in this case was the proper one. It accepted the remand to the magistrate and there obtained a final judgment, the dismissal of the action, the only final judgment entered to that date. With this final judgment the case was then procedurally ripe for an appeal to this Court, although that appeal had to be taken by way of a second appeal to the district court. Once properly before this Court, the state of course is entitled to challenge not only the final judgment entered in this case, but also all the interlocutory orders entered by the magistrate and the district court. The dissent's suggestion that the state's challenge to the district court's first order was an improper "collateral attack" misconceives the basic principles of *res judicata*. The district court order was not a final judgment entered by a court with jurisdiction in a separate proceeding but was only an interlocutory order entered by the same court in the same proceeding which is now before this Court on direct appeal from the only final judgment entered in the proceeding. The state's attack of that order is a direct attack on appeal, not a collateral attack.

The California decision, *Gore v. Bingaman*, 20 Cal.2d 118, 124 P.2d 17 (1942), which the dissent discusses at length, is not in point. As the dissent admits, the original decision of the trial court in that case, which was then appealed to the Court of Appeals, was a final appealable judgment, not an interlocutory non-appealable order as in the instant case. The California Supreme Court in *Gore* decided that a question of whether an earlier appeal should have been heard by the Supreme Court or an appellate court was conclusively decided by the appellate court's decision and the Supreme Court's denial of a hearing from that appellate court decision. However, in the case at bar the district court order was not a final determination but merely an interlocutory order which was properly subject to attack on appeal once a final judgment had been entered. The state's understandable failure to attempt an appeal from an unappealable order certainly does not bar a challenge to that order on appeal once the case became appealable.

Because the issue of the proper construction of I.C. § 37–2744(d)(3)(D) will certainly arise again on remand, judicial economy will be served by our resolution of that issue at this time. I.C. § 1–205. The defendant argues that although subsection (d)(3)(D) requires a hearing to be set on "a day not *less* than thirty (30) days" from the filing of the verified answer, the context and purposes of that subsection require that it be read as mandating a hearing on a day "not *more* than thirty (30) days" from the filing of the answer.

■ The most fundamental premise underlying judicial review of the legislature's enactments is that, unless the result is palpably absurd, the courts must assume that the legislature meant what it said. Where a statute is clear and unambiguous the expressed intent of the legislature must be given effect. *Worley Highway Dist. v. Kootenai County*, 98 Idaho 925, 576 P.2d 206 (1978); *Moon v. Investment Board*, 97 Idaho 595, 548 P.2d 861 (1976); *Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964). Referring to a virtually identical Arizona statute, the Arizona court stated that the purpose of the statute was to provide "the law enforcement agencies with 30 days in which to prepare prosecution of their case." *State ex rel. Berger v. McCarthy*, 113 Ariz. 161, 164, 548 P.2d 1158, 1161 (1976).[2] Likewise, the Idaho legislature may have in-

---

2. Ariz.Rev.Stat. § 36–1045(B) provides: "B. If a verified answer is filed, the forfeiture proceedings shall be set for hearing on a day not less than thirty days after the answer is filed, and the proceeding shall have priority over other civil cases. Notice of the hearing shall be given in the manner provided for service of notice of seizure."

tended to provide the state with a thirty day period in which to prepare its case. A literal reading of the statute is not necessarily irrational or absurd. Therefore, the statute must be interpreted as written.

The respondent also argued before the magistrate that subsection (d)(3)(D) required a dismissal of the case because the case had not been given "priority over other civil cases." The respondent alleged that between October 1—the date the magistrate set the case for trial—and November 19—the trial date—twenty-seven civil cases were set on the calendar of the magistrate. The respondent argues therefore that the case was not given the required priority. Because of its disposition of the issue concerning the thirty day provision, the district court did not reach this issue. Nevertheless, it is certain to rise again on remand and we address it at this time.

 Generally, procedural statutes are construed liberally to promote a disposition of the case on the merits. *Northwest Health Care, Inc. v. Idaho Dept. of Health & Welfare*, 99 Idaho 843, 590 P.2d 99 (1979); *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978). Where the prescribed procedure is not the essence of the thing to be accomplished the statute is generally considered directory and not mandatory. *State ex rel. Arcudi v. Iassogna*, 165 Conn. 203, 332 A.2d 90 (1973); *State ex rel. Raitt v. Peterson*, 156 Neb. 678, 57 N.W.2d 280 (1953); *see generally* 3 C. Sands, Sutherland Statutory Construction § 67.02 (4th ed. 1974). Moreover, in Idaho it is well established that "whether a statute is mandatory or directory [is] to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other." *Summers v. Dooley*, 94 Idaho 87, 89, 481 P.2d 318, 320 (1971). *See Craig H. Hisaw, Inc. v. Bishop*, 95 Idaho 145, 504 P.2d 818 (1972). Here, the legislature was prescribing the circumstances in which a vehicle may be seized and forfeited and was setting forth an orderly and expeditious method for initiating and conducting such forfeiture proceedings. In this context we

conclude that the provision that a forfeiture proceeding be given priority over other civil cases was intended to be directory and not mandatory. A contrary conclusion would be disruptive to an orderly administration of justice and would impair the flexibility the trial courts must have in setting cases for trial. In the absence of a showing of substantial prejudice the complaint should not be dismissed merely because it was not given priority over other civil cases, if in fact such priority was not given. We need not reach the state's other assignment of error regarding costs and attorney fees since those awards are vacated by our reversal of the judgment below.

Reversed and remanded.

SHEPARD, C. J., DONALDSON, J., and SCOGGIN, J. pro tem., concur.

BISTLINE, Justice, dissenting.

The State of Idaho diligently pursues a 1955 Jeep. If ultimately successful, the Director of Law Enforcement may retain the Jeep for official use, or, if the Jeep is not harmful to the public (which by reason of its age it presumably is), he can sell it. I.C. § 37–2744.

Until now, success, though pursued with commendable zeal, has evaded the State. Pursuit of the Jeep has taken the case twice from the magistrate division to the district court, and now from the district court to this, the highest Court in Idaho.

The chase of the 1955 Jeep, instead of here finding its finale, is given new impetus, now remanded for a trial on the merits, that is, assuming the Jeep survives the rigors of the extended chase, and shows up for trial in a condition fit to stand trial—which is much to be doubted.

Judge Smith, rightly or wrongly, slowed this epic momentarily, ruling that the case had to be brought to trial within 30 days, and remanding to the magistrate for a determination of the cause of the delay, directing that if the delay was attributable to the court system, the case should be dismissed. The State did not choose to question Judge Smith's judgment on appeal,

which was a decision remanding the appeal, although it would appear that such was and is appealable to this Court. I.C. § 13–201 now repealed. Rule 11(a)(1) I.A.R.

On remand the magistrate found the fault to be in the court system, and dismissed the action. The State appealed to the district court, where the district court, quite consistently, held that the magistrate committed no error in following the law laid down on the first appeal. This was an application of the doctrine of jurisprudence commonly known as the law of the case.

The curtain might have thus fallen on the perils of the 1955 Jeep, but the State timely appealed the case into this Court. Here, either the Jeep is tiring, or the law misfiring, as the Jeep is again in trouble. It seems, says a majority of this Court, that Judge Smith acted without jurisdiction when he heard the first appeal, and his decision, and all that followed, was hence a nullity. Despite the relative insignificance of the value of the property involved, I submit that the opinion of the Court is not soundly based wherein it holds the district court's actions completely null and void.

The important point is that the Jeep, Judge Smith, and counsel for the Department of Law Enforcement did at one time all seem to be in agreement that the district court did have jurisdiction to hear the ap-

peal which was first taken to it by the Jeep. The State made no jurisdictional challenge of any kind. Nor on taking the second appeal from magistrate court to district court did the State even mention jurisdiction as being in dispute.[1] Thereafter the jurisdictional issue surfaced for the first time only in the argument section of the State's brief[2] submitted to Judge Smith. That argument would properly have been made in support of a motion to dismiss the first appeal from magistrate court to district court. Instead, the Department acquiesced and participated in the appeal and in the further proceedings in magistrate court after remand.

In its brief on appeal to this Court the State raised the jurisdictional issue as a contention *second* to its primary assignment that I.C. § 37–2744(d)(3)(D) had been misconstrued. Obviously what is involved is a collateral attack against Judge Smith's holding handed down on the first appeal. I surmise that jurisdiction was raised as an issue only belatedly in the district court, secondarily in this Court, and not at all in the magistrate court, because the Attorney General's office had been recently filed in this Court in another case, *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978), an excellent brief expounding on principles of collateral estoppel and law of the case.

1. The State's notice of appeal to district court said exactly this:

"This Appeal is taken from the dismissal of the Respondents-Plaintiffs' Complaint on the grounds a delay in setting the matter for disposition on the Court's Calendar was the fault of the Court, and upon all matters, both fact and law.

"Following are the Assignments of Error which will be contained in Appellants' Brief:

"(a) Faulty reading and application of I.C. § 37–2744(d)(3)(D) in that the District Court ruled that the language '*not less than*' should be read as '*not to exceed*;'

"(b) That the setting of the forfeiture proceedings more than thirty (30) days after the filing of the verified answer is squarely within the language of the statute and the judicial discretion of the Magistrate Court. The ruling of the District Court holding otherwise is in error."

2. That argument, in its entirety, is:

"It is the Plaintiff's position, in the first instance, that the Court is without jurisdiction to consider this matter on appeal. The original decision entered by Honorable Wayne Willis, denied the Claimants' Motion for Summary Judgment. That order of denial was not an appealable final order. Judge W. E. Smith was without jurisdiction to entertain the appeal or to remand the case with direction to dismiss under the circumstances of this case.

"The Idaho Rules of Civil Procedures, Rule 83(a) and the Idaho Appellate Rules, Rule 11, effective July 1, 1977 do not provide for an appeal from a denial of summary judgment. Case law supports this position as well. (See *Trans-Central Airlines, Inc. vs. McBreen & Associates, Inc.,* 31 Colo.App. 71, 497 P.2d 1033 (1972); *Brown vs. Midland National Bank,* 150 Mont. 422, 435 P.2d 878 (1967).

"Because Honorable W. E. Smith lacked jurisdiction, the Honorable L. Alan Smith's judgment of dismissal should be vacated and the matter restored to the trial calendar."

The district court in rendering an appellate decision on the first appeal from the magistrate court necessarily must have considered himself as being clothed with jurisdiction. If he was wrong on that score, the avenue then open to either party dissatisfied or aggrieved by his decision was a further appeal, or, if that was in doubt, by means of an original proceeding as in *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974), or *Independent School District of Boise City v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975). Absent an appeal to or the seeking of intervention in this Court, Judge Smith's decision was the final decision from the highest appellate court in which the cause was presented and it became the law of the case.

It is true as the majority opinion points out that it has been held respective of appeals from district court to this Court that an order denying a motion for summary judgment is not a final decision for appeal purposes. *Wilson v. DeBoard,* 94 Idaho 562, 494 P.2d 566 (1972) so states. In that case respondents directly challenged jurisdiction by an appropriate motion to dismiss. It is true that of *recent* years this Court *sua sponte* has held itself without jurisdiction to hear appeals from partial final judgments where the requisite Rule 54(b) certification was missing. In years prior to the crunch of an appellate backlog, it cannot safely be said that it did so. However, be all that as it may, an appellate court, while it should act only within its jurisdiction, will decide its own jurisdiction, subject of course to proper and timely challenge in a yet higher court:

> A court has the power and duty to examine and to determine whether it has jurisdiction of a matter presented to it, its determination being subject, of course, to appellate review. This question should be considered by the court before it looks at other matters involved in the case, and before determining whether the parties are entitled to a jury trial if the court has jurisdiction of the case. It may, and must, do this on its own motion, without

waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceeding. A court need not expressly state that it has jurisdiction of the case before it; its determination to this effect is implied by the fact that it exercises jurisdiction over it.

20 Am.Jur.2d *Courts* § 92.

Recently this Court announced its *per curiam* opinion in *Matter of Estate of Irwin,* 99 Idaho 543, 585 P.2d 953 (1978). Objections were filed to items in a final account submitted by an administrator of an estate. The objections were dismissed by order of the magistrate court and an appeal was taken to district court. There a decision was rendered reversing the magistrate's order and remanding. At that point the administrator appealed to this Court where the appeal was heard and determined. All of this took place notwithstanding that an order dismissing objections to a final account is not enumerated as being an appealable order, either according to the provisions of Rule 83(a), I.R.C.P., or I.C. § 17–201. Yet the district court exercised appellate jurisdiction as did this Court in turn.[3] It could later be urged, though with little chance of success, speaking for myself, that this Court, and before it the district court, was without jurisdiction and hence nothing was really decided.

Principles of law, however, dictate a result countrariwise. Any other result would be intolerable. Whether jurisdiction was an issue raised by the parties in appellate district court is immaterial. The district court necessarily by implication concluded that it had jurisdiction, a truism both in this case and in *Matter of Estate of Irwin, supra.* Where there is no jurisdictional issue raised by further appeal to a higher court, that determination of the district court of appeal, as it might well be styled, as well as matters of law decided, became the law of the case. *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939). Judge Smith, even had he been persuaded to a point of view different from his former ruling, was as bound by his own earlier decision as would have been any other

**3.** The various orders and appeal notices are appended.

**157**

judge who might have sat in his stead. That is the very philosophy of law of the case doctrine: Where a judgment is reversed and remanded, "it must be tried in the light of and in consonance with the rules of law as announced by the appellate court in that particular case. This is what we call 'the law of the case.' " Per Justice Givens in *Creem v. Northwestern Mut. F. Ass'n,* 58 Idaho 349, 352, 74 P.2d 702, 703 (1937). Justice Ailshie stated it thusly: ". . . the former opinion . . . is the law of the case and in this respect is *res adjudicata.*" 58 Idaho at 358, 74 P.2d at 705.

As the Court continues its push for an intermediate court of appeals, my inability to join in a majority opinion which *collaterally* destroys and nullifies an appellate judgment of the district court has caused me some concern that any expansion beyond the present system may be beyond my capabilities. Searching for some solace, and turning to the decisions of other states where three-tiered systems have been in effect, I end my lament in this case by finding that a unanimous Supreme Court of California, *en banc,* shares my own understanding of principles of *res judicata,* collateral estoppel, and law of the case:

Plaintiffs brought this action to quiet title to a share of the income from certain trust property and for a declaratory judgment to establish their rights under the terms of the trust, as set forth in a decree of distribution. The trial court rendered a judgment in favor of defendants, and plaintiffs appealed to the District Court of Appeal, First Appellate District. That court reversed the judgment, and thereafter a hearing was denied in this court. See *Gore v. Bingaman,* 29 Cal.App.2d 460, 85 P.2d 172. The trial court thereupon entered judgment for plaintiffs in accordance with the decision of the District Court of Appeal. Defendants now prosecute this appeal from the judgment of the superior court entered pursuant to the remittitur of the District Court of Appeal.

This court has hitherto denied petitions for writs of certiorari and prohibition both of which challenged the judgment of the superior court entered after the remittitur. The denial of these writs was based, in part, upon the ground that defendants had a remedy by appeal. A final judgment entered by a superior court under the direction of an appellate court is appealable. (citing cases) It is true that this right may be a mere naked right of appeal where every issue which might be presented has been determined upon the previous appeal. *Lierly v. McEwen,* 208 Cal. 645, 646, 283 P. 943. Thus, questions of law which were determined upon the first appeal cannot be presented for a re-determination. (citing cases) The second appeal must be limited to questions arising from the action of the trial court which were not involved in the prior appeal. (citing cases) In this case no claim is made that the superior court did not follow the remittitur. Defendants, appellants herein, contend that the judgment of the superior court is void because it was based solely upon the decision of the District Court of Appeal. That decision, it is contended, was a nullity because the action is a case in equity which should have been appealed directly to the Supreme Court under the constitutional provision conferring exclusive appellate jurisdiction over cases in equity upon this court.

. . . . .

The issue sought to be raised upon this appeal, however, is no longer open for determination in this case. Although it may have been decided erroneously, the question whether the present action is legal in nature and properly appealable directly to the district court of appeal is one which was determined by that court upon the prior appeal. As the court said in *Clary v. Hoagland,* 6 Cal. 685, 688: "The first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights of the parties." See, also, *Scrimsher v. Reliance Rock Co.,* 1 Cal.App.2d 382, 393, 36 P.2d 688. Where a question of law once determined is sought to be relitigated upon a second appeal to the same appellate court it is clearly established

that the first determination is the law of the case and will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness even though the issue sought to be raised involves the jurisdiction of the court on the prior appeal. (citing cases) This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity and ineffective as a determination of any question. See *Clary v. Hoagland,* supra, 6 Cal. at page 688.

Where the first appeal was decided by an intermediate appellate court and the second appeal is taken to the court of last resort, there is a variance among the courts of different states as to whether the doctrine of law of the case is applicable to the decision of the intermediate appellate court. See, 41 A.L.R. 1078, 118 A.L.R. 1286. In certain states if there is no opportunity to challenge the intermediate appellate court's determination of the first appeal in the higher court, the court of last resort will not consider itself bound by the first decision when the case finally reaches that court. (citing cases) It is generally held, however, that questions determined by an intermediate appellate court constitute the law of the case after the judgment becomes final if the party seeking the second appeal failed to challenge the prior determination in the court of last resort (citing cases) or if the higher court refused to review the prior determination of the intermediate appellate court. (citing cases)

Whatever may be the rule in other jurisdictions it is established in this state that *the doctrine of law of the case will be applied to decisions of the District Courts of Appeal after those decisions have become final. Otten v. Spreckels,* 183 Cal. 252, 191 P. 11; *United Dredging Co. v. Industrial Acc. Comm.,* 208 Cal. 705, 284 P. 922; *Hill v. Maryland Casualty Co.,* 28 Cal.App. 422, 152 P. 953. "Con-

ceding the doctrine that the law of the case applies only to decisions of a court of last resort, we are nevertheless of the opinion that as to the decision on the former appeal, this court was the court of last resort. While appellant, which was respondent in the former appeal, might have applied to the Supreme Court for a transfer of the case after the rendition of the decision, it did not do so, but rested upon the decision as final." *Hill v. Maryland Casualty Co.,* supra, 28 Cal.App. at page 426, 152 P. at page 955. In this case the question whether the District Court of Appeal had jurisdiction on the prior appeal was not raised. Defendant could have made a motion for a transfer of the case upon the ground that the District Court of Appeal lacked jurisdiction while the appeal was pending in that court. Also, defendant might have based his petition for a hearing in this court upon the ground that no appellate jurisdiction was vested in the District Court of Appeal. Instead, defendant permitted the District Court of Appeal's decision to become final, without raising the jurisdictional question. Under such circumstances, we think the rule discussed above is applicable and the prior determination of the very question sought to be raised here constitutes the law of the case. *Gore v. Bingaman,* 20 Cal.2d 118, 119, 120, 124 P.2d 17, 18, 19, 20 (1942) (emphasis added)

There are passages, many of them, in the foregoing opinion which were considered for emphasis by italicizing, the doing of which was abandoned on observing that the entire opinion would be italicized.[4] What the California court said in that case is exactly what this Court should be saying today. Instead, the Court, in what has to be concluded is a collateral attack on the appellate judgment of the district court rendered two years ago, nullifies that judgment, and everything else which has taken place in the meantime. It is only to be

---

4. It may be noted that in *Gore v. Bingaman, supra,* proceedings in the trial court did proceed to a final appealable judgment, whereas here proceedings leading to the first appeal did not. Such is not the point, the crux of the matter being in that in both instances, *on a*

*proper challenge,* the appellate court's jurisdiction would have been found lacking. Absent any challenge by the parties, and absent the respective courts' own examination into an unassigned jurisdictional issue, *sua sponte,* both courts exercised jurisdiction.

hoped that final judgments of an intermediate court of appeals, when that time comes, will be given more judicial sanctity than that bestowed today.

In voting that the judgment of the court below be affirmed, mention should be made that were we properly hearing the merits, I do not disagree with the Court's disposition of the 30 day issue. It is not illogical to believe that the legislators who passed the bill understood that the bill, as presented and enacted even though giving forfeiture cases a priority over other civil cases, yet intended that the parties involved, and their attorneys, especially, ought to have not less than 30 days to prepare for trial *and* to otherwise make necessary schedules, ordinarily not easily done on short notice. In fairness to Judge Smith, it should be pointed out that in the record before Judge Smith was the affidavit of Mack Redford, an attorney who stated that as Chief Criminal Deputy Attorney General, he was one of the persons responsible for drafting the bill which became I.C. § 37–2701, *et seq.* The language of his affidavit is much like that used by Judge Smith in his opinion on the first appeal, Redford saying:

> That in reference to § 37–2744, Idaho Code, dealing with forfeitures of personal property allegedly used to transport, deliver or conceal controlled substances, one of the purposes of said section at the time of drafting was to guarantee that the owner of this property would be assured of quick and speedy hearing before the Court concerning the forfeiture of this property; the drafters were also concerned with having a hearing set at the earliest possible date in order to finalize the forfeiture of this conveyance from the defendant;

> Idaho Code Section 37–2744(d)(3)(D), states that when a verified answer is filed "the forfeiture proceeding shall be set for hearing on a day not less than thirty (30) days therefrom; and the proceeding shall have priority over other civil cases."

> That at the time this subsection was drafted it was the purpose and intent of the drafters of this Act to require that a hearing be set on a day not *more* than thirty (30) days from the time the verified answer is filed with the Court. This is clearly the purpose and intent of the Act when the second portion of this sentence is considered giving the proceeding priority over all other civil cases.

> The literal reading of the first portion of Idaho Code Section 37–2744(d)(3)(D) does not convey the intent and purpose of the drafters of this act or the legislature of the state of Idaho in enacting this statute.

Because I do not believe that Mr. Redford's knowledge of a clerical mistake is in any way proof that such like knowledge was possessed by the legislature, I feel it proper to take the unambiguous language as it was passed. To my mind it is not inconsistent that the section in question gave property forfeiture actions a priority over other civil actions, but at the same time allowing 30 days before trial commences.

For the Court to go so far as to say that the priority provisions, however, are merely *directory,* to my mind smacks of a great deal of judicial overreaching. While "may" is sometimes given a mandatory meaning, *Summers v. Dooley,* 94 Idaho 87, 481 P.2d 318 (1971), it is a rare case indeed where "shall" is construed to read as "may."[5] The Court rationalizes that "A contrary conclusion would be disruptive . . ." but I say the Court's legislative intrusion is destructive of the integrity of property rights. Moreover, I do not find that the Department has made any such claim that "shall" is but a direction and not a command. Such judicial license as we see today *may* one day shake down even the Ten Commandments.

*Addendum.*

A revision of the majority opinion, more directed toward my foregoing dissent than

---

5. For a most recent pronouncement where this Court has considered the meaning of "shall," *State v. Lopez,* 100 Idaho 99, 593 P.2d 1003 (1979), relying on the earlier cases of *Hollings-* *worth v. Koelsch,* 76 Idaho 203, 280 P.2d 415 (1955); *Munroe v. Sullivan Mining Co.,* 69 Idaho 348, 207 P.2d 547 (1949); *State v. Braun,* 62 Idaho 258, 110 P.2d 835 (1941).

to settling the law, requires some additional comment which hopefully will serve to clarify more than it obfuscates. So that there may be no mistake about it, I have never suggested that the order first appealed to district court was appealable. Clearly it was not appealable.

Unlike the majority, I decline to throw accolades to the State for failing to call Judge Smith's attention to the nonappealability. It is manifestly unfair, and unsound judicial economy, for the State to take part in the appeal proceedings which it later assails without ever having raised the issue.

The majority opinion, wherein it remains as written, properly notes that the "subsequent orders entered by the district court were based upon the law as established in that [first] proceeding." Such I thought to be the law of the case, but equally the law of the case was the district court's conclusion, albeit an erroneous one, that it did have jurisdiction. That, too, was the law of the case—subject of course to challenge by an appeal, invoking if necessary (as the State often seeks, or this Court does, *Stockwell v. State,* 98 Idaho 797, 802, 573 P.2d 116) the plenary power of this Court, or by special writs which since territorial days have existed as a quick remedy where an inferior tribunal as a matter of law has acted beyond its jurisdiction.

The district court judgment should be affirmed.

APPENDIX

The magistrate court order in *Russell v. Butler,* dated July 8, 1976, reads:

NOW THEREFORE IT IS HEREBY ORDERED, and this does ORDER that the objections to Final Account and Petition for Distribution be and the same are hereby dismissed.

The appeal to district court specifically stated that it was:

With respect to the Order dated and filed on July 8, 1976, on the Matter of the Estate of JOY EVANGELINE IRWIN, which Order dismissed the heirs' objections to Final Account and Petition for Distribution in said Estate proceeding

The order in the appellate district court on September 14, 1976, reads:

IT IS THEREFORE ORDERED that the Order of July 8, 1976, dismissing the heirs' objections is reversed and this action is remanded to the Magistrate Court with directions to determine said Report and Petition and the objections thereto on the merits.

The notice of appeal which brought further review of the order of July 8, 1976, into this Court reads:

[T]ake notice that Verna Russell, Administratrix of the Estate of Joy Evangeline Irwin, hereby appeals to the Supreme Court of the State of Idaho from the Order made on the 14th day of September, 1976, and entered on the 20th day of September, 1976, in the above entitled action, Civil Numbers 2388, 5363, 5369 by the above entitled Court overruling the order of the Honorable Frank H. Joseph, Magistrate, dated the 8th day of July, 1976.