481 P.2d 318

John SUMMERS, Plaintiff-Appellant,

v.

E. A. DOOLEY, Defendant-Respondent.

No. 10325.

Supreme Court of Idaho.

Feb. 24, 1971.

88

Derr, Derr & Walters, Boise, for plaintiff-appellant.

William C. Roden, Boise, for defendant-respondent.

DONALDSON, Justice.

This lawsuit, tried in the district court, involves a claim by one partner against the other for $6,000. The complaining partner asserts that he has been required to pay out more than $11,000 in expenses without any reimbursement from either the partnership funds or his partner. The expenditure in question was incurred by the complaining partner (John Summers, plaintiff-appellant) for the purpose of hiring an additional employee. The trial court denied him any relief except for ordering that he be entitled to one half $966.72 which it found to be a legitimate partnership expense.

The pertinent facts leading to this lawsuit are as follows. Summers entered a partnership agreement with Dooley (defendant-respondent) in 1958 for the purpose of operating a trash collection business. The business was operated by the two men and when either was unable to work, the non-working partner provided a replacement at his own expense. In 1962, Dooley became unable to work and, at his own expense, hired an employee to take his place. In July, 1966, Summers approached his partner Dooley regarding the hiring of an additional employee but Dooley refused.

Nevertheless, on his own initiative, Summers hired the man and paid him out of his own pocket. Dooley, upon discovering that Summers had hired an additional man, objected, stating that he did not feel additional labor was necessary and refused to pay for the new employee out of the partnership funds. Summers continued to operate the business using the third man and in October of 1967 instituted suit in the district court for $6,000 against his partner, the gravamen of the complaint being that Summers has been required to pay out more than $11,000 in expenses, incurred in the hiring of the additional man, without any reimbursement from either the partnership funds or his partner. After trial before the court, sitting without a jury, Summers was granted only partial relief[1] and he has appealed. He urges in essence that the trial court erred by failing to conclude that he should be reimbursed for expenses and costs connected in the employment of extra help in the partnership business.

The principal thrust of appellant's contention is that in spite of the fact that one of the two partners refused to consent to the hiring of additional help, nonetheless, the non-consenting partner retained profits earned by the labors of the third man and therefore the non-consenting partner should be estopped from denying the need and value of the employee, and has by his behavior ratified the act of the other partner who hired the additional man.

The issue presented for decision by this appeal is whether an equal partner in a two man partnership has the authority to hire a new employee in disregard of the objection of the other partner and then attempt to charge the dissenting partner with the costs incurred as a result of his unilateral decision.

The State of Idaho has enacted specific statutes with respect to the legal concept known as "partnership."[2] Therefore any

1. The trial court did award Summers one half of $966.72 which it found to be a legitimate partnership expense.

2. I.C. § 53-101 et seq.

solution of partnership problems should logically begin with an application of the relevant code provision.

In the instant case the record indicates that although Summers requested his partner Dooley to agree to the hiring of a third man, such requests were not honored. In fact Dooley made it clear that he was "voting no" with regard to the hiring of an additional employee.

An application of the relevant statutory provisions and pertinent case law to the factual situation presented by the instant case indicates that the trial court was correct in its disposal of the issue since a majority of the partners did not consent to the hiring of the third man. I.C. § 53-318(8) provides:

> "Any difference arising as to ordinary matters connected with the partnership business may be decided by a *majority of the partners* * * *.*" (emphasis supplied)

It is the opinion of this Court that the preceding statute is of a mandatory rather than permissive nature. This conclusion is based upon the following reasoning. Whether a statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. In re McQuistons Adoption, 238 Pa. 304, 86 A. 205 (1913).

The intent of the legislature may be implied from the language used, or inferred on grounds of policy or reasonableness. See Barnett v. Prairie Oil & Gas Co. et al., 19 F.2d 504 (8th Cir. 1927); Motorcoach Operators Ass'n. v. Board of Street Railway Commissioners of the City of Detroit, 267 Mich. 568, 255 N.W. 391 (1934); 3 Sutherland, Statutory Construction, § 5803, p. 79. A careful reading of the statutory provision[3] indicates that subsection 5 bestows *equal rights in the management and conduct of the partnership business* upon all of the partners.[4]

---

3. I.C. § 53–318 states:
"53–318. Rules determining rights and duties of partners.—The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
1. Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.
2. The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.
3. A partner, who in aid of the partnership makes any payment or advance beyond the amount of capital which he agreed to contribute, shall be paid interest from the date of the payment or advance.
4. A partner shall receive interest on the capital contributed by him only from the date when repayment should be made.
5. All partners have equal rights in the management and conduct of the partnership business.
6. No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.
7. No person can become a member of a partnership without the consent of all the partners.
8. Any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners; but no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners."

4. In the absence of an agreement to the contrary. See Fn. 2. In the case at bar, there is no such agreement and thus I.C. § 53–318(5) and each of the other subsections are applicable.

The concept of equality between partners with respect to management of business affairs is a central theme and recurs throughout the Uniform Partnership law, I.C. § 53–301 et seq., which has been enacted in this jurisdiction. Thus the only reasonable interpretation of I.C. § 53–318(8) is that business differences must be decided by a majority of the partners provided no other agreement between the partners speaks to the issues.

A noted scholar has dealt precisely with the issue to be decided.

"\* \* \* if the partners are equally divided, those who forbid a change must have their way." Walter B. Lindley, A Treatise on the Law of Partnership, Ch. II, § III, ¶ 24–8, p. 403 (1924). See also, W. Shumaker, A Treatise on the Law of Partnership, § 97, p. 266.

See also, Clarke et al. v. Slate Valley R. Co., 136 Pa. 408, 20 A. 562 (1890) for a discussion of this rule.

In the case at bar one of the partners continually voiced objection to the hiring of the third man. He did not sit idly by and acquiesce in the actions of his partner. Under these circumstances it is manifestly unjust to permit recovery of an expense which was incurred individually and not for the benefit of the partnership but rather for the benefit of one partner.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.