663 P.2d 1135

**WORLEY HIGHWAY DISTRICT, a Political Subdivision of the State of Idaho, and its Board of Commissioners: Bill Hickman, Ray Oliver and William M. Perkins, Plaintiffs-Appellants,**

v.

**KOOTENAI COUNTY, a Political Subdivision of the State of Idaho and Its Board of Commissioners: B. Douglas Frymire, Charles R. Harris and Eugene W. Ingalls, Defendants-Respondents.**

No. 14376.

Court of Appeals of Idaho.

May 17, 1983.

Rehearing Denied June 20, 1983.

Petition for Review Denied
Aug. 30, 1983.

Craig R. Wise, Coeur d'Alene, for plaintiffs-appellants.

Glen Walker, Kootenai County Pros. Atty., Susan V. Campbell and Michael Kane, Deputy Pros. Attys., Coeur d'Alene, for defendants-respondents.

SWANSTROM, Judge.

The Worley Highway District brought suit against Kootenai County, challenging the validity of an ordinance enacted by the county commissioners in 1980. The issue is whether the Local Planning Act of 1975, I.C. §§ 67–6501, et seq., gives a county the authority to set standards for street naming and address numbering within the boundaries of a local highway district. In a summary judgment proceeding, the district court upheld the validity of such a county ordinance. We affirm.

In April of 1980, the Kootenai County Commissioners enacted County Ordinance No. 43, entitled "Kootenai County Street Naming and Numbering Ordinance." The purpose of the ordinance was to establish a standardized system of street naming and numbering throughout the county. To accomplish this goal, the ordinance promulgated a series of standards to govern selection of street names and assignment of address numbers within the county's unincorporated areas. Upon passage of the ordinance, the highway district, a political subdivision located entirely within Kootenai County, filed this suit seeking declaratory relief. The highway district contends that the county ordinance is void because the Idaho Code gives the highway district the exclusive authority to administer local highways.

In granting summary judgment, the district court concluded that the Local Planning Act of 1975 authorized the county commissioners to adopt standards for street naming and numbering. Moreover, the court determined that in adopting the Local Planning Act the legislature intended that special purpose districts, such as the highway district, comply with any ordinances enacted by the county commissioners pursuant to the Act.

The highway district contends that by virtue of I.C. §§ 40–1611 and 1615, it has the exclusive power to administer county roads within its boundaries. Idaho Code § 40–1611 states in part:

The highway commissioners ... shall have ... exclusive general supervision and jurisdiction over all highways within their district, with full power to construct, maintain, repair and improve all highways within the district ... and ... shall have, in addition to the powers and duties conferred by this chapter, in respect to the highways within such district, all of the powers and duties that would by law be vested in the county commissioners of the county and in the district road overseers if such highway district had not been organized....

Idaho Code § 40–1615 provides in addition:

The grant of powers in this chapter contained to highway districts and highway boards and the officers and agents thereof, shall be liberally construed, as a broad and general grant of powers, to the end that the control and administration of such districts may be efficient; nor shall the enumeration of certain powers that would be implied without such enumeration be construed as a denial or exclusion of other implied powers necessary for the free and efficient exercise of the powers expressly granted.

The trial court concluded—and we agree—that a conflict exists between these statutes and the following provisions of the Local Planning Act on which the county relies. Idaho Code § 67–6504 states: "A city council or board of county commissioners, hereafter referred to as a governing board, may exercise all of the powers required and authorized by this chapter in accordance with this chapter." Idaho Code § 67–6518 specifies that "each governing board may adopt standards for such things as ... roadways, streets, lanes, bicycleways, pedestrian walkways ... street numbers and names; house numbers, schools, hospitals, and other public and private development." Finally I.C. § 67–6528 states in part: "The State of Idaho and all its agencies, boards, departments, institutions, and local special purpose districts, shall comply with all plans and ordinances adopted under this chapter unless otherwise provided by law...."

It is a cardinal principle of statutory construction that where possible to do so courts must harmonize and reconcile statutes which apparently conflict. *Sampson v. Layton,* 86 Idaho 453, 457, 387 P.2d 883, 885 (1963).

Principles of statutory interpretation require this Court to ascertain and give effect to the legislative intent. *Summers v. Dooley,* 94 Idaho 87, 481 P.2d 318 (1971); *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969). "The intent of the legislature may be implied from the language used, or inferred on grounds of policy or reasonableness." *Summers v. Dooley, supra* [94 Idaho] at 89, 481 P.2d at 320.

*Gavica v. Hanson,* 101 Idaho 58, 60, 608 P.2d 861, 863 (1980).

■ It is clear to us that I.C. §. 40–1611, together with I.C. § 40–1615, gives highway commissioners broad powers to administer highways within their districts. Their domain includes not only the "exclusive general supervision and jurisdiction over all highways," but also "full power to construct, maintain, repair, and improve all highways within the district." This language makes the legislature's intent clear that in the area of construction, maintenance, and day-to-day operation of highways, the prerogative of the highway commissioners is exclusive.

■ On the other hand, in enacting the Local Planning Act of 1975, the legislature obviously intended to give local governing boards, such as the Kootenai County Commissioners, broad powers in the area of planning and zoning. Commensurate with their planning responsibilities, county commissioners, pursuant to I.C. § 67–6518, may establish standards for a wide variety of projects and activities, including street numbers and names.

The Local Planning Act of 1975 imposes upon cities, and counties in unincorporated areas, the duty to promote rational development of local land and resources. To be effective and meaningful, planned development must encompass a broad range of activities, resources, and facilities. The leg-

islature has recognized this and has invested the powers and responsibilities for such sweeping functions in cities and counties—deeming those entities of local government best equipped and experienced to deal broadly with the problems. The legislature has chosen not to fragment those responsibilities among various other local units of government which have, for the most part, limited and specialized functions.

■ The purposes of the Local Planning Act, and the duties of those charged with its administration, are closely related to the planning and zoning functions that have long been the domain of cities and counties. Of necessity these functions transcend the boundaries of local special purpose districts, such as highway districts. For example, § 67–6511 of the Act provides that, in carrying out an adopted plan, the governing board of each city and county may establish one or more zoning districts, and, where appropriate, establish standards to regulate and restrict the size, construction, location, and use of buildings and structures. The statute requires that "all standards shall be uniform for each class or kind of buildings throughout each [zoning] district...." These provisions support the view that it was the intent of the legislature for standard setting functions to be vested with cities and counties, rather than with local special purpose districts. Nothing in the Act itself suggests a legislative intent for the planning and standard setting authority of the county under the Act, in respect to highways, to "flow to" highway districts by reason of the language of I.C. § 40–1611.

Other sections of our code also lend more support to the position taken by the county than to the position of the highway district. For example, § 40–501 "*Duties of county commissioners*" was amended in 1943 to add the following duty, to be performed by "proper ordinances:"

12. To rename any street or highway within the county, excepting those situated within the territorial limits of incorporated cities, towns and villages when such renaming will eradicate confusion and be in the public interest.

This section is significant because it does not exclude highway or road districts from its operation. The amendment—enacted after the quoted provisions of § 40–1611 were enacted—indicates that the legislature, even before the Local Planning Act of 1975, believed it was a legitimate function of county commissioners to have overriding authority to name streets when necessary to "eradicate confusion."

■ In determining legislative intent of a statute it is appropriate to consider other statutes dealing with the same or with related subjects. *Local 1494 of the International Association of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978). Title 50, Chapter 13 of the Idaho Code governs the filing of subdivision plats. All such plats, before filing, must be presented to the appropriate governing body of a city and/or county for approval. I.C. §§ 50–1301 through 1329, 67–6513. Each plat must show all streets and have all streets named. I.C. § 50–1304. A plat cannot be accepted for filing until it has been submitted, approved, and accepted by the appropriate governing body. Inferentially, this includes the right to approve or disapprove street names and designations. The legislature clearly intended this function to be the exclusive domain of the cities and counties. It is consistent with this legislative intent to have the counties and cities set standards for naming and numbering of streets.

Finally, we consider the following provisions from the Local Planning Act of 1975:

67–6528. Applicability of ordinances.— The state of Idaho, and all its agencies, boards, departments, institutions, and *local special purpose districts,* shall comply with all plans and ordinances adopted under this chapter unless otherwise provided by law. In adoption and implementation of the plan and ordinances, the governing board or commission shall take into account the plans and needs of the state of Idaho and all agencies, boards, departments, institutions, and *local special purpose districts.* The provisions of plans and ordinances enacted pursuant to

this chapter shall not apply to transportation systems of statewide importance as may be determined by the Idaho transportation board. The Idaho transportation board shall consult with the local agencies affected specifically on site plans and design of transportation systems within local jurisdictions. [Emphasis added.]

The Worley Highway District is one of the "local special purpose districts" mentioned in I.C. § 67–6528, which the legislature has said "shall comply with all plans and ordinances adopted under this chapter unless otherwise provided by law." The section goes on to exclude "transportation systems of statewide importance as may be determined by the Idaho Transportation Board." If the legislature intended also to exclude *highway districts* from the operation of this section, it is reasonable to assume it would have explicitly done so.

Our Supreme Court has stated on numerous occasions that "when two governmental promulgations are in irreconcilable conflict, the one enacted later in time governs." *Mickelsen v. City of Rexburg,* 101 Idaho 305, 307, 612 P.2d 542, 544 (1980). The principle is applicable here. The language in § 40–1611 upon which the highway district relies—quoted earlier in this opinion— was first enacted in 1911. The language has not subsequently been materially changed although the section has been amended.[1] The later enacted, more specific provisions of the Local Planning Act of 1975 ought to be the more persuasive statement of legislative intent. Even § 40–501, as amended in 1943 to give the county commissioners the authority to rename streets and highways in unincorporated areas when necessary to eradicate confusion, is a later expression of legislative intent. The same can be said of those sections of the Idaho Code which we have mentioned,

governing the approval of subdivision plats by cities and counties.

For these reasons we conclude the district court was correct in ruling that the Local Planning Act of 1975 authorized the county commissioners to adopt, by ordinance, county-wide standards for street naming and numbering in all unincorporated areas of the county. Accordingly, we affirm the summary judgment order of the district court. Costs to respondents.

WALTERS, C.J., concurs.

BURNETT, Judge, dissenting.

To paraphrase Lincoln, the world will little note nor long remember a dispute over street names and address numbers; but it cannot forget the legal principles invoked here. Because my view of these principles differs from that of my colleagues, I respectfully dissent.

This case does not call upon us to decide, as a matter of policy, whether a county should have authority to set standards for street names and address numbers within a highway district. If that were the issue before us, I would join in the well-written comments by the majority on the subject. However, the true issue is not one of policy; it is one of statutory construction.

Justice Holmes once noted a distinction between the meaning of a statute and the intent of the Legislature. Holmes, *The Theory of Legal Interpretation,* 12 Harv.L. Rev. 417, 419 (1898). In modern parlance, the meaning of a statute is the message received by the reader. The intent of the Legislature is the message contemplated by the sender. When we interpret a statute, our initial focus should be upon the message received. Where the message is clear from the statute itself, we need not inquire further. Only if the message is garbled— through ambiguity, conflicting language,

[1]. Section 40 1611 was last amended effective July 1, 1982, to specifically grant the board of highway commissioners of each highway district the power to "establish and post speed and other regulatory signs." 1982 Sess.Laws, ch. 304. This amendment was enacted after the briefs were filed in this appeal and its effect was not discussed by counsel during oral argument. However, we do not perceive that this amendment affects the county commissioners' authority to set standards for naming and numbering streets.

incompleteness or patent absurdity—need we inquire as to what was contemplated by the sender.

In this case we are asked to interpret the message contained in a body of statutes relating to highways. The term "highway" is defined to include any public street. I.C. § 40–107. Control over public streets, in unincorporated areas, is shared by counties and highway districts. I.C. § 40–1611, which dates back to 1911, grants highway commissioners "exclusive general supervision and jurisdiction over all highways within their district." The statute also provides that, "in addition to the powers and duties conferred by this chapter ... [the highway commissioners shall have] all of the powers and duties that would by law be vested in the county commissioners of the county ... if such highway district had not been organized." I.C. § 40–1613 emphasizes that, "[i]n respect to all highways included within such district, the power and jurisdiction of the highway board shall be exclusive...." Moreover, I.C. § 40–1615 provides that the powers granted to highway districts shall be "liberally construed."

In contrast, county authority over highways is prescribed in more limiting terms. In 1885 counties were vested with certain enumerated powers unrelated to the instant case. See I.C. § 40–501. In 1943, the counties were authorized to rename any highway if necessary to "eradicate confusion." I.C. § 40–501(12). In 1951, counties were given a broader charge of "general supervision over all highways in the county road system." I.C. § 40–133. However, the definition of "county road system" was narrowed by a provision that "highway districts ... shall have jurisdiction over the highways in their respective districts." I.C. § 40–109.

In 1975 the Legislature passed the Local Planning Act. This legislation dealt primarily with land use regulation, not highways; but it contained language authorizing cities and counties to include "recommendations on ... street naming and numbering" in their comprehensive plans, and to establish standards for "street numbers and names." I.C. §§ 67–6508(g), 6518. The bill embodying the Local Planning Act contained no provision for repeal of any prior, inconsistent laws. See 1975 Idaho Sess.Laws, ch. 188. Moreover, at § 67–6528, the Legislature directed special purpose districts to "comply with allplans and ordinances adopted under this chapter *unless otherwise provided by law* [emphasis supplied]."

In my view, the message received from these statutes is clear. A highway district has "exclusive" authority over public streets within its jurisdiction. The subject matter of this authority extends not only to powers expressly granted by the highway district laws, but also to powers that would be exercised by the county commissioners had the highway district not been organized. The authority of highway districts embraces the naming of streets and numbering of addresses. By subsequent enactment, the Legislature has given counties specific authority to rename streets where confusion exists—a fact situation not presented by this case. The Legislature also has given counties general authority to set standards for street names and address numbers. However, the corresponding authority granted to highway districts has not been expressly repealed, and the obligation of any special purpose district to comply with county-established standards is conditioned by the phrase "unless otherwise provided by law." Upon a plain reading of the statutes, I would conclude that general standards adopted by a county do not control the selection of street names and address numbers within a highway district.

The majority opinion focuses not upon the message received from the statutes as written, but upon a message which the Court surmises the Legislature intended to send. The opinion ascribes to the Local Planning Act the legislative purpose of establishing county-wide standards. The powers claimed by the highway district are

inconsistent with this ascribed purpose. The majority resolves the "conflict" by deeming counties to have "broad powers" of planning, while characterizing the powers of highway districts as the "construction, maintenance and day-to-day operation of highways." My reading of I.C. §§ 40–1611, 40–1613 and 40–1615 does not support such a whittled-down view of highway district powers. But more fundamentally, it strikes me as circular reasoning to treat the statutes as conflicting, and therefore in need of judicial construction, on the basis of any court-ascribed purpose.

Even if a conflict were deemed to exist, the next task in statutory construction should be to harmonize the statutes if possible. *See, e.g., Boston Sand & Gravel Co. v. United States,* 278 U.S. 41, 49 S.Ct. 52, 73 L.Ed. 170 (1928). When the Legislature passes a statute, it is presumed to be aware of existing statutes. *First American Title Co. of Idaho, Inc. v. Clark,* 99 Idaho 10, 576 P.2d 581 (1978). Absent an express provision for repeal or amendment of the existing statutes, the new provision is presumed to be enacted in accord with the legislative policy embodied in the prior statutes; and they should be construed together. *E.g., Allen v. Grand Central Aircraft Co.,* 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954). In the present case, I believe that all the statutes, taken together, reflect two legislative policies—the recent policy of encouraging planning, and the historical policy of preserving the authority of highway districts within their boundaries. In my view, the statutes can be harmonized by recognizing that they embody a balance of these competing legislative concerns. Planning with respect to highways is not the sole province of counties.

Moreover, as noted earlier, I.C. § 40–1611 not only contains a general grant of authority to highway districts but also gives each district all of the powers relating to highways that would be exercised by the county commissioners if the district did not exist. The majority opinion suggests that this "flow through" provision does not apply to "street naming and numbering" powers conferred upon counties by the Local Planning Act because the Act did not expressly provide for § 40–1611 to remain in force. The majority has not cited, and I am unable to find, any authority to support the proposition that a statute loses its force if it is not expressly reaffirmed by a subsequent statute. I believe the law is to the contrary. Repeal of a statute by implication is not favored. Such repeal will be avoided if, by reasonable construction, effect can be given to both statutes. *E.g., Golconda Lead Mines v. Neill,* 82 Idaho 96, 350 P.2d 221 (1960); *John Hancock Mut. Life Ins. Co. v. Haworth,* 68 Idaho 185, 191 P.2d 359 (1948). The same principle applies to partial repeal, or amendment, of a statute by implication. C. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 22.30 (4th ed. 1972). I would hold that I.C. § 40–1611 retains its potency unless and until it is expressly repealed by the Legislature or comes into actual and irreconcilable conflict with a subsequent statute. In my view, neither of those events yet has occurred.

I re-emphasize that it may be desirable, from a planning perspective, to give counties the authority to impose their standards for street names and address numbers within highway districts. However, such a determination turns upon a weighing of competing public policies. That is a legislative task. This Court, restrained by sound rules of statutory construction, should not invade the legislative domain.